19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Del KIDD, and Judy Kidd; Judy Kidd, Plaintiffs-Appellants,
v.
DEPARTMENT OF THE INTERIOR; Manuel Lujan; Bureau of
Reclamation, Lower Colorado Region, Edward M.
Hallenbeck, Regional Director,
Defendants-Appellees.
 No. 93-15925.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Del and Judy Kidd appeal pro se the district court's summary judgment for defendants in the Kidds' action filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552. The Kidds contend the district court erred because genuine issues of material fact exist as to whether defendants adequately searched for the document the Kidds requested. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987), and affirm.
 
 
 3
 In the Kidds' previous appeal in this action, this court reversed the district court's summary judgment for the government and remanded on the ground the affidavit the government submitted in support of its motion for summary judgment did not set forth in detail the process the government used to search for the documents the Kidds requested, and, therefore, failed to demonstrate that the search was adequate. See Kidd v. Department of the Interior, No. 91-15321, unpublished memorandum disposition (9th Cir. Aug. 31, 1992). We held that "[o]n remand, the Government may submit an affidavit explaining how the search for the requested information was conducted." Id. at 7. The decision largely was based on the Kidds' claim that the redacted Project Management Evaluation ("PME") released to them was created from a document that was itself an altered version of the original PME.[1]
 
 
 4
 Following our remand, the government filed another motion for summary judgment. In support of this motion, the government submitted the affidavits of Frank Knell, chairperson of the committee that prepared the PME at issue, and Dan Jensen, a member of the committee. Knell and Jensen both stated that the document that served as the basis for the redacted PME was the original, unaltered, PME. Both stated that the committee had not prepared any other reports or evaluations. Jensen, who conducted the search for the PME, stated that he had searched his confidential files and that the PME he located was the only one responsive to the Kidds' request.
 
 
 5
 The district court determined that the affidavits "demonstrated that the document which was redacted was from the original PME created by the management team, and that no other version of the PME was contained in the agency's confidential files." In addition, the court stated that "[t]his is precisely the manner of proof countenanced by the Ninth Circuit Court of Appeals in its Order on Remand of August 31, 1992. Therefore, the Court finds that Defendants have demonstrated the adequacy of their search."
 
 
 6
 On appeal, the Kidds contend the district court erred because genuine issues of material fact exist in this case. They contend that (1) there is a question as to whether an unaltered version of the PME exists because the government has never searched for one, (2) they challenged the credibility of Jensen with evidence unrefuted by the government, and (3) Knell's and Jensen's affidavits fail to establish that Harold Pritchett was not evaluated in the PME or that the government conducted an adequate search. These contentions lack merit.
 
 
 7
 Once the party moving for summary judgment has met its initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, ... the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.' " T.W. Elec. Serv., 809 F.2d at 630; see also Fed.R.Civ.P. 56(e). The nonmoving party may not defeat a summary judgment motion merely by attacking the credibility of the affidavits submitted by the moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (stating that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"); see also T.W. Elec. Serv., 809 F.2d at 630 (stating that "the nonmoving party may not merely state that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim").
 
 
 8
 Here, the affidavits of Knell and Jensen established that the document from which the redacted PME was created was the original, unaltered PME. The affidavits also established that no other evaluations or reports were prepared by the committee when it prepared the PME.
 
 
 9
 In their opposition to the government's motion, the Kidds argued that summary judgment was inappropriate because Jensen had not conducted a second search in response to the Kidds' claim that the original PME had been altered and because Jensen had not searched in places where the original PME could have been found. The Kidds also argued that Knell's affidavit did not support the government's motion because it was possible that Knell had been furnished with an already-altered PME to compare with the redacted PME.
 
 
 10
 The Kidds failed, however, to present any specific evidence to support their claims that the PME found by Jensen and used by Knell for comparison was not the original, unaltered PME. Nor did the Kidds present any evidence to show that the original PME contained a performance evaluation of Harold Pritchett. Absent such evidence, the questions whether Jensen should have conducted a new search or searched in other places are not material. See Fed.R.Civ.P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.
 
 
 11
 The Kidds also argued below that the government failed to establish that it conducted an adequate search because (1) the search was conducted by Jensen, who allegedly had a vested interest in the result of the search, and (2) at the time of the search, Jensen was a subordinate to the officials who were ultimately responsible for the PME and, thus, could not reasonably be expected to disclose any wrongdoing on their part. These attacks on the credibility of Jensen do not suffice to defeat the government's motion. See Anderson, 477 U.S. at 255; T.W. Elec. Serv., 809 F.2d at 630.
 
 
 12
 The Kidds contend the district court erred by not considering de novo whether the redaction of the PME was necessary or whether the redacted portion was properly withheld under the FOIA. This contention lacks merit. In their complaint, the Kidds did not challenge the propriety of the redactions but, rather, only claimed that the PME had been altered before being redacted. See Kidd, No. 91-15321, unpublished memorandum disposition at 6. Therefore, as this court observed in the Kidds' previous appeal, the redactions are not at issue here. Id.[2]
 
 
 13
 Finally, the Kidds contend the district court abused its discretion by failing to allow further discovery. This contention lacks merit. The Kidds argued below that discovery was necessary to find evidence relating to whether defendants conducted an adequate search. Their argument was based on the same alleged deficiencies in the government's affidavits that the Kidds raised in opposing the government's summary judgment motion, namely that the affiants were not credible. As we stated above, attacks on the affiants' credibility are insufficient to withstand summary judgment. See Anderson, 477 U.S. at 255; T.W. Elec. Serv., 809 F.2d at 630. We have determined, based on the uncontroverted evidence in defendants' affidavits, that the search was adequate. We therefore conclude that the district court did not err by denying the Kidds' motion for discovery.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The background of this case is set forth in this court's previous disposition. We will refer to those facts only as they are necessary to our analysis
 
 
 [2]
 The Kidds also contend the district court erred (1) by trying the case on a summary judgment motion, and (2) considering the affidavits as admissible evidence and determining that the government met its burden of showing the absence of a genuine issue of material fact. These contentions lack merit. First, the district court did not "try" the case. In fact, it is the Kidds who sought trial by affidavit by urging the court to disregard Jensen's and Knell's affidavits on credibility grounds. See Anderson, 477 U.S. at 255; T.W. Elec. Serv., 809 F.2d at 630. Second, as our decision makes clear, the district court did not err by finding that the government's affidavits showed the absence of any genuine issues of material fact